Severny v Severny (2022 NY Slip Op 06094)

Severny v Severny

2022 NY Slip Op 06094

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 365111/21 Appeal No. 16570-16571-16571A Case No. 2021-03964, 2021-03965, 2022-01667, 

[*1]Andrei Severny, Plaintiff-Appellant,
v
Maria De Lourdes Severny, Defendant-Respondent.

Law Offices of Andreas Vasilatos, PLLC, Brooklyn (Scott P. Benjamin of counsel), for appellant.
Amy Saltzman, P.C., New York (Amy Saltzman of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about February 15, 2022, which, to the extent appealed from as limited by the briefs, granted defendant husband's motion to renew and, upon renewal, reinstated spousal maintenance of $625 per month and reaffirmed plaintiff wife's access to the parties' place of business, unanimously modified, on the law, to vacate the maintenance and child support awards, and remand the matter for reconsideration of those awards, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered on or about September 1, 2021 and October 15, 2021, which, respectively, inter alia, awarded maintenance and child support and amended the earlier order pending the court's determination of the husband's motion for leave to renew and reargue, unanimously dismissed, without costs, as subsumed in the appeal from the February 15, 2022 order.
To determine temporary maintenance, the motion court was required to apply Domestic Relations Law § 236(B)(5-a). While the court appears to have followed the calculations provided in that section to arrive at a presumptive award of temporary maintenance, it then deviated from the presumptive amount by directing the continued payment of the wife's rent, cell phone bills, utilities, and other household expenses. This statutory formula is intended to cover all the spouse's basic living expenses, including housing costs (see Francis v Francis, 111 AD3d 454, 455 [1st Dept 2013]). Where, as here, there is a deviation, the statute requires the court to explain the reasons for any deviation from the result reached by the formula factors (Khaira v Khaira, 93 AD3d 194, 197 [1st Dept 2012]).
Accordingly, we vacate the pendente lite maintenance award and remand the matter for a reconsideration of the award in light of the directives of Domestic Relations Law § 236(B) (5-a), including the articulation of any other factors the court considers in deviating from the presumptive award (see Francis, 111 AD3d at 455). As the amount of maintenance affects calculation of child support, we further vacate the child support award for recalculation based on the directives of Domestic Relations Law § 240(1-b)(b)(5) (iii)(I) and (vii)(C), which require, for child support purposes, income adjustments based on the amount of maintenance ordered.
With respect to the wife's access to the photography studio, we agree with the motion court that allowing such access was necessary to preserve the pre-action status quo, pending resolution of equitable distribution of the parties' assets. Furthermore, neither party disputes that the court's order dated February 15, 2022 resulted in the wife having access to the studio two days per week. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022